UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. DEPARTMENT OF THE TREASURY, *et al.*,<br><br>    Defendants. | Civil Action No. 20-2256 (CKK) |

**MEMORANDUM OPINION**
(March 25, 2022)

This Freedom of Information Act ("FOIA") case arises from Plaintiff Citizens for Responsibility and Ethics in Washington's ("CREW") requests to Defendants U.S. Department of the Treasury ("Treasury"), U.S. Postal Service ("USPS"), and U.S. Postal Service Office of the Inspector General ("USPS OIG"). CREW requested all records concerning mail-in voting during the 2020 primary and general elections, as well as records concerning the 2020 appointment of Louis DeJoy as Postmaster General of the United States. Because Defendants' *Vaughn* indices are insufficiently detailed, the Court concludes that *in camera* review of certain documents withheld by Defendants under FOIA Exemption 5 is necessary to determine the validity of Defendants' exemption claims. Accordingly, the Court shall **GRANT IN PART AND HOLD IN ABEYANCE IN PART** Plaintiff's [24] Cross-Motion for Summary Judgment and **HOLD IN ABEYANCE** Defendants' [23] Motion for Summary Judgment pending *in camera* review.

**I.    BACKGROUND**

This case concerns three discrete FOIA requests. First, on June 20, 2020, CREW submitted a FOIA request to Treasury, seeking "six categories of records that, broadly speaking, concerned

voting by mail; the retirement of former Postmaster General Megan Brennan; and the appointment of Louis DeJoy as Postmaster General." Defs.' Mot. 2 (citing Am. Compl. ¶ 16). Second, on June 16, 2020, CREW submitted a FOIA request to USPS, seeking to acquire "ten categories of records" generally concerning

> materials relating to voting by mail that were prepared for former Postmaster General Brennan, Postmaster General DeJoy, Congress-members of [sic] their staff, the USPS OIG, the USPS Board of Governors, any state governors or their staff, as well as records relating to the departure of Postmaster General Brennan and the appointment of Postmaster General DeJoy.

Defs.' Mot. 3 (citing Am. Compl. ¶ 23). Third and finally, on June 16, 2020, CREW submitted a FOIA request to USPS OIG, seeking to acquire "five categories of documents." Defs.' Mot. 5 (citing Am. Compl. ¶ 35).

> The request generally sought materials prepared by USPS OIG employees concerning voting by mail for Postmaster General DeJoy and for members of Congress or their staff; other kinds of USPS OIG documents concerning voting by mail; and any communications between USPS OIG and members of Congress or their staff concerning Louis DeJoy's appointment as Postmaster General.

*Id.* On September 2, 2020, CREW filed its operative Amended Complaint alleging, broadly, that Defendants had not provided all responsive documents. *See generally* Am. Compl. 6-8. The parties met and conferred, and, from late 2020 to early 2021, Defendants conducted additional searches and provided CREW with additional responsive records. *See* ECF Nos. 12-17. CREW contested a number of Defendants' withholdings, and the parties have now completed cross-briefing for summary judgment. At issue currently is Defendants' Exemption 5 claims regarding the following documents: USPS3, USPS4 and USPS5, USPS9, headers in USPS2-USPS6, and Treasury7 documents (*Vaughn* Index at 1–4, 6, ECF No. 23-7; *Vaughn* Index at 2, ECF No. 23-3) ("Disputed Documents").

2

## II.  DISCUSSION

**A. The Court Shall Order Defendants to Produce for *In Camera* Review Certain Documents Withheld by Defendants.**

"FOIA provides district courts the option to conduct in camera review, but 'it by no means compels the exercise of that option.'" *Larson v. Dep't of State*, 565 F.3d 857, 869 (D.C. Cir. 2009) (quoting *Juarez v. Dep't of Justice*, 518 F.3d 54, 60 (D.C. Cir. 2008)). *In camera* review is appropriate when such review is necessary for a district court "to make a responsible de novo determination on the claims of exemption." *Juarez*, 518 F.3d at 60 (internal quotation marks omitted). "When the agency meets its burden by means of affidavits, in camera review is neither necessary nor appropriate." *Hayden v. Nat'l Sec. Agency/Cent. Sec. Serv.*, 608 F.2d 1381, 1387 (D.C. Cir. 1979). But "affidavits will not suffice if the agency's claims are conclusory, merely reciting statutory standards, or if they are too vague or sweeping." *Id.* *In camera* review is particularly necessary in Exemption 5 cases where the Court cannot determine from the face of the *Vaughn* index the "'who,' i.e., the roles of the document drafters and recipients and their places in the chain of command; the 'what,' i.e., the nature of the withheld content; the 'where,' i.e., the stage within the broader deliberative process in which the withheld material operates; and the 'how,' i.e., the way in which the withheld material facilitated agency deliberation." *Judicial Watch, Inc. v. U.S. Dep't of Justice*, 20 F.4th 49, 58 (D.C. Cir. 2021).

In addition to the agency's affidavits, Defendants have submitted *Vaughn* indices. *See Vaughn* Index, ECF No. 23-3; *see also Vaughn* Index, ECF No. 23-7. In their Opposition, Defendants argue that *in camera* review is not necessary nor appropriate because "Defendants'

3

affidavits and *Vaughn* submissions amply support their limited withholdings." *See* Defs.' Opp'n at 17, ECF No. 26.  The Court disagrees.

Some background on the relevant exemption provides context for why *in camera* review is warranted here.  Exemption 5 applies to "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5).  "To qualify [for this exemption], a document must thus satisfy two conditions: its source must be a Government agency, and it must fall within the ambit of a privilege against discovery under judicial standards that would govern litigation against the agency that holds it."  *Dep't of the Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). Over the years, it has been construed as protecting "those documents, and only those documents, normally privileged in the civil discovery context."  *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975).  "[A]vailable privileges include the attorney-client privilege, the deliberative process privilege, and the presidential communications privilege."  *CREW v. General Services Administration*, No. 18-cv-2071, 2021 WL 765659, at *2 (D.D.C. Feb. 26, 2021) (citing *Judicial Watch, Inc. v. Dep't of Defense*, 913 F.3d 1106, 1109 (D.C. Cir. 2019)).  In this case, the relevant privilege is the deliberative process privilege.

The Court has determined that *in camera* review is appropriate for certain documents withheld pursuant to Exemption 5.  Given the low volume of records at issue, the Court shall order Defendants to submit for *in camera* review the following records withheld under Exemption 5:

- USPS3 (USPS 0007-0017) – An attachment fully withheld titled "General election Outreach to States – Strategic Plan."  The attachment is a "strategic planning document" which "was a part of an on-going iterative decision-making process related to the USPS's strategy to deal with reaching out to the States about election mail, and further concerned other issues associated with communicating with the

4

    states to facilitate mail in voting, including the evolving process of handling individual state related voting laws and issues." *Vaughn* Index at 2, ECF No. 23-7.

- <u>USPS4 and USPS5 (USPS 0018, USPS 0019-0020)</u> – A Board of Governors email chain withheld which "reflects ongoing internal agency discussion related to the process for selecting a new Postmaster General, as well as internal strategy for announcing that selection to the public." *Id.* at 3–4.
- <u>USPS9 (USPS 0033-0039)</u> – An email chain withheld which "reflects ongoing internal agency discussion related to the process for selecting a new Postmaster General, as well as strategy for announcing that selection to the public." *Id.* at 6.
- <u>Header information in Board of Governors emails USPS2-USPS6 (USPS 0018, 0019, 0021, 0025, 0033)</u> – In the emails at issue, a subset of email header information is fully withheld. *Id.* at 1–5.
- <u>Treasury7 (UST 000840-000843)</u> – Four pages fully withheld of an "email chain from May 6, 2020 . . . Treasury describes it as an exchange 'between Eric Ueland (White House, former Assistant to the President and Director of the Office of Legislative Affairs), former Secretary Mnuchin, and Mark Meadows (former White House Chief of Staff) regarding coronavirus relief and other legislation. *Vaughn* Index at 2, ECF No. 23-3.

The *Vaughn* Indices and supporting affidavits do not provide the Court with sufficient context to determine whether the deliberative process privilege claimed by Defendants apply. As the Court discusses further below, none of these descriptions provides the "who, what, where, and how" that the D.C. Circuit has concluded is necessary to weigh an Exemption 5 claim. *See Judicial Watch*, 20 F.4th at 56.

**B. The Court Shall Order Defendants to Supplement its *Vaughn* Indices for Certain Documents Withheld Pursuant to the Deliberative Process Privilege.**

In addition to requiring Defendants to submit the documents discussed above for *in camera* review, the Court shall, in an abundance of caution, also order Defendants to supplement its *Vaughn* Indices with respect to the Disputed Documents of record withheld pursuant to the deliberative process privilege under FOIA's Exemption 5. The Court finds that Defendants' *Vaughn* Indices and affidavits are inadequate with respect to these documents and it may conclude that *in camera* review alone—absent additional contextual details provided by supplemental

5

*Vaughn* Indices—will not allow the Court to render a decision on the propriety of Defendants' withholdings.

When withholding information pursuant to the deliberative process privilege, the agency is required to provide the following information for *each* document at issue: "(1) what deliberative process is involved, and (2) the role played by the documents in issue in the course of that process," and to assist the Court in determining whether the privilege is available, the agency should also "explain (3) the nature of the decisionmaking authority vested in the officer or person issuing the disputed document, and (4) the relative positions in the agency's chain of command occupied by the document's author and recipient." *Judicial Watch*, 20 F.4th at 55 (cleaned up). To find material deliberative, the Court must "[know] the 'who,' i.e., the roles of the document drafters and recipients and their places in the chain of command; the 'what,' i.e., the nature of the withheld content; the 'where,' i.e., the stage within the broader deliberative process in which the withheld material operates; and the 'how,' i.e., the way in which the withheld material facilitated agency deliberation." *Id.* at 56.

Although not exhaustive, the Court shall address some of the inadequacies of Defendants' *Vaughn* Indices. For example, Treasury7 does not indicate with specificity the "deliberative process involved" or the "role" the material played "in course of that process." *Id.* at 56 (cleaned up); *see also CREW v. U.S. Dep't of State*, 2022 WL 424965, at *6 (D.D.C. Feb. 11, 2022) (noting that descriptions of an email exchange as "communication reflecting, transmitting, and discussing proposed edits to these two drafts" that include "the drafters' and editors' preliminary, non-final thoughts about what information should be included" are to be rejected as a "broad, non-specific description of a deliberative process."). Although it is a closer call, based off the standard set forth in *Judicial Watch*, the Court shall exercise its discretion in finding that the *Vaughn* Index for the

USPS documents are similarly inadequate because they too do not indicate what "deliberative process is involved" or the "role the attachments played in the course of that process." *Judicial Watch*, 20 F.4th at 56 (internal quotation marks omitted). In that case, a declaration that stated, "the attachments would reveal the drafters' evolving thought-processes as well as ideas and alternatives considered but ultimately rejected," lacked the information needed to determine whether a document is deliberative. *Id.* (internal quotation marks omitted). USPS9, for example, is similar in that it merely states that the "discussion and associated edits to the ultimate announcement reflect the USPS's ongoing discussions about selecting a new Postmaster General and announcing his selection to the public." *Vaughn* Index at 6, ECF No. 23-7. This statement does not tell the Court what "procedure [USPS] followed to finalize [the ultimate announcement]." *Judicial Watch*, 20 F.4th at 56. Defendants must do more to show that its withholdings are proper.

The Court has several options to proceed with respect to its finding that the portions of the *Vaughn* Indices are insufficient, including *in camera* review or additional affidavits. *See Spirko v. U.S. Postal Serv.*, 147 F.3d 992, 997 (D.C. Cir. 1998). As noted above, the Court shall require Defendants to submit to the Court the withheld Disputed Documents for *in camera* review. However, the Court shall also require Defendants to provide a supplemental *Vaughn* index for these categories so that the Court may ascertain "(1) what deliberative process is involved, . . . (2) the role played by the documents in issue in the course of that process, . . . (3) the nature of the decisionmaking authority vested in the officer or person issuing the disputed document, and (4) the relative positions in the agency's chain of command occupied by the document's author and recipient." *Judicial Watch*, 20 F.4th at 55 (cleaned up).

### III.  CONCLUSION

For the foregoing reasons, the Court shall **GRANT** that portion of Plaintiff's Cross-Motion for Summary Judgment seeking *in camera* review with respect to certain documents withheld pursuant to FOIA Exemption 5 and shall **HOLD IN ABEYANCE** the remainder of that motion and Defendants' Motion for Summary Judgment.  The Court shall further **ORDER** Defendants to submit to the Court for *in camera* review by no later than **May 6, 2022** unredacted versions of the Disputed Documents.  In an abundance of caution, the Court shall further **ORDER** Defendants to file by no later than **April 22, 2022** supplemental *Vaughn* Indices providing additional information with respect to the Disputed Documents.

An appropriate Order accompanies this Memorandum Opinion.

Date: March 25, 2022                              /s/
                                                  COLLEEN KOLLAR-KOTELLY
                                                  United States District Judge